Jing LIN, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto R.

Gonzales,[1] Respondent.

No. 04–1951–AG.

United States Court of Appeals,
Second Circuit.

Dec. 14, 2005.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Katherine Savers McGovern, Assistant United States Attorney, Dallas, Texas, for Respondent.

Present: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the March 22, 2004 decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Jing Lin petitions for review of a March 22, 2004 BIA decision summarily affirming the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. Lin alleges persecution based on his practice of Falun Gong.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The IJ denied Lin's claims based largely on an adverse credibility finding, which we review under the substantial evidence standard. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Accordingly, "we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Id.; see* 8 U.S.C. § 1252(b)(4)(B).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

In this case, the IJ noted several problems with Lin's testimony, including material inconsistencies which Lin failed to explain. (1) Lin testified that he was only detained once in a military jail, but a letter from his father that stated that Lin was often captured and interrogated by the police. (2) Lin could not explain why his father's letter failed to mention that on March 21, 2001, the police allegedly visited Lin's home in order to arrest him when Lin had testified that his father was present in his home during this visit. This event allegedly triggered Lin's decision to go into hiding. (3) Lin claimed that he was forced to leave the military because of his refusal to stop practicing Falun Gong, but the military booklet he produced at the hearing stated that he "fulfilled the glorious duty of protecting our country, served reserve duty, and is now permitted to retire from current service." (4) Lin failed to provide evidence to corroborate the claim that he practices Falun Gong regularly in the United States, which should have been readily available.

Contrary to petitioner's position, we cannot say that these inconsistencies relied upon by the IJ are "relatively minor and isolated" or that they "do not concern material facts," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), or that the IJ acted improperly in requiring corroborative evidence that would be reasonably required. *See id.* The adverse credibility finding by the IJ was supported by substantial evidence and "a reasonable adjudicator would not be compelled to find otherwise." *Id.* at 287–88.

The adverse credibility finding supported both the denial of asylum and withholding of removal. See *Zhou Yun Zhang*, 386 F.3d at 71. It also supported a denial of CAT relief because Lee failed to establish a fact that "formed the only potentially valid basis" for the claim that he would be tortured as a Falun Gong practitioner. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). Finally, we conclude that substantial evidence supports the IJ's finding that Lin is unlikely to be tortured for having left illegally.

For the foregoing reasons, the petition for review is DENIED and Lin's pending motion for a stay of removal is denied.